M. Jonathan Hayes (Bar No. 90388)
Matthew D. Resnik (Bar No. 182562)
**RHM LAW LLP**
17609 Ventura Blvd., Suite 314
Encino, CA 91316
**Telephone:** (818) 285-0100
**Facsimile:** (818) 855-7013
jhayes@RHMFirm.com
matt@RHMFirm.com

*Attorneys for Debtor*
Steven Robert Wallace II

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>STEVEN ROBERT WALLACE II,<br><br>　　　Debtor and Debtor-in-Possession. | Case No. 8:25-bk-11509-SC<br><br>Chapter 11<br><br>**DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION**<br><br><br>Disclosure Statement Hearing<br><br>Date: January 15, 2026<br>Time: 1:30 p.m.<br>Place: Courtroom 5C<br>　　　411 West Fourth Street<br>　　　Santa Ana, CA 92701 |

Contents

I. INTRODUCTION ........................................................................................................... 4

II. INTERPRETATIONS AND RULES OF CONSTRUCTION ..................................... 4

    A. Rules of Interpretation ........................................................................................ 4

    B. Time Periods. ...................................................................................................... 5

    C. Section Numbers. ............................................................................................... 5

III. SUMMARY OF THE PLAN OF REORGANIZATION .............................................. 5

    A. General overview ................................................................................................ 5

    B. Unclassified claims ............................................................................................. 5

        *Administrative Expenses* .................................................................................... 6

        *Priority Tax Claims* ........................................................................................... 6

    C. Classified Claims and Interests .......................................................................... 6

        Summary of Treatment and Payment Amounts ................................................. 6

    D. Claims ................................................................................................................. 7

        **Class 1** – Secured Creditor Rocket Mortgage, LLC dba Quicken Loans, LLC. ............................................................................. 7

        **Class 2** – Secured Creditor Rocket Mortgage, LLC dba Quicken Loans, LLC. ............................................................................. 8

        **Class 3** – Secured Creditor Hyundai Capital America aka Genesis Finance. ...................................................................................... 9

        **Class 4 –** Priority Unsecured Claims ............................................................... 9

        **Class 5 –** Non-Priority General Unsecured Claims ........................................ 9

        **Class 6** – Interest Holders ............................................................................. 10

    E. Means for performing the Plan .......................................................................... 10

    F. Management of the Reorganized Debtor .......................................................... 10

    G. Disbursing Agent .............................................................................................. 10

    H. Distributions ...................................................................................................... 10

IV. TREATMENT OF MISCELLANEOUS ITEMS ....................................................... 11

| | | | |
|---|---|---|---|
| | A. | Executory Contracts and Unexpired Leases | 11 |
| | | 1. **Assumptions** | 11 |
| | | 2. **Rejections** | 11 |
| | B. | Regulatory Commission Approval | 12 |
| | C. | Retention of Jurisdiction | 12 |
| V. | | EFFECT OF CONFIRMATION OF PLAN | 12 |
| | A. | Discharge | 12 |
| | B. | Revesting of Property in Debtor | 12 |
| | C. | Postconfirmation Employment | 13 |
| | D. | Modification of Plan | 13 |
| | E. | Postconfirmation Status Report | 13 |
| | F. | U.S. Trustee Quarterly Fees | 14 |
| | G. | Creditor Action Restrained and Default | 14 |
| | H. | Postconfirmation Conversion/Dismissal | 15 |
| | I. | Final Decree | 15 |

## I. INTRODUCTION

Steven Robert Wallace II, the Debtor and Debtor-in-Possession, filed his chapter 11 petition on June 2, 2025.

The Debtor is the proponent (the "Proponent") of this <u>Chapter 11 Plan of Reorganization</u> (the "Plan").

A Disclosure Statement Describing Chapter 11 Plan of Reorganization (the "Disclosure Statement") also accompanies this Plan. The Disclosure Statement describes the Plan and provides additional information to enable creditors to make informed decisions about whether to vote for or against the Plan.

**The Effective Date of the Plan shall be the first business day, which is 14-calendar days after the entry of the order confirming the Plan.**

## II. INTERPRETATIONS AND RULES OF CONSTRUCTION

### A. Rules of Interpretation

For purposes of the Plan: (a) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, shall include both the singular and the plural; (b) any reference in the Plan to a contract, instrument, release or other agreement or document being in a particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions; (c) any references in the Plan to an existing document or exhibit filed or to be filed means such document or exhibit, as it may have been or may be amended, modified or supplemented; (d) unless otherwise specified in a particular reference, all references in the Plan to Sections, Articles and Exhibits are references to Sections, Articles and Exhibits of or to the Plan; (e) the words "herein," "hereof," "hereto," "hereunder" and others of similar import refer to the Plan in its entirety rather than to only a particular portion of the Plan; (f) captions and headings to Articles and Sections are inserted for convenience of reference

only and are not intended to be a part of or to affect the interpretation of the Plan; and (g) the rules of construction set forth in §102 of the Bankruptcy Code shall apply.

### B. Time Periods.

In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

### C. Section Numbers.

References in this Plan to a code section are references to the United States Bankruptcy Code (Title 11 of the United States Code) except as otherwise indicated.

## III.  SUMMARY OF THE PLAN OF REORGANIZATION

### A. General overview

As required by the Bankruptcy Code, the Plan separates claims and interests into various categories and classes according to the nature and legal rights associated with such claims and interests.

The Plan designates which classes are impaired and which classes are unimpaired. The Plan also describes the treatment each class will receive under the Plan.

The Debtor will ask the Bankruptcy Court to confirm this Plan on any impaired classes if any of these classes do not vote to accept the Plan and if the Plan can otherwise be confirmed.

### B. Unclassified claims

Certain types of claims are not placed into voting classes; instead, they are unclassified. Holders of unclassified claims are not considered impaired and not entitled to vote on the Plan; rather the holders of unclassified, unimpaired claims and interests are automatically entitled to specific treatment provided for them in the Bankruptcy Code.

The following categories of claims are neither classified nor impaired under the Plan and are not entitled to vote on the Plan:

*Administrative Expenses*

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case that are allowed under Bankruptcy Code §507(a)(1).

The following is an estimate of the §507(a)(1) administrative claims that will be incurred and unpaid through the Effective Date of the Plan and their treatment under the Plan.

| Name | Amount Owed | Treatment |
|---|---|---|
| RHM LAW LLP (counsel for the Debtor) | $10,000 (estimated) | Will be paid in full upon approval of the court. |
| Clerk's Office Fees | $0 (estimated) | Paid when due. |
| Office of the U.S. Trustee Fees | $250 (estimated) | Quarterly fees, as required by 28 U.S.C. §1930(a)(6), shall be paid until a final decree is entered or the case is dismissed or converted. |

**Court Approval of Fees Required**

Requests by professionals for payment of fees and costs are generally subject to review and approval by the Court.

Fees of the Court Clerk are not subject to Court approval and may be paid in the ordinary course of business when due.

*Priority Tax Claims*

Priority tax claims are certain unsecured income, employment and other taxes described by §507(a)(8). The Debtor owes approximately $3,200 to the Internal Revenue Service and the Utah State Tax Commission. The Debtor will pay those in the ordinary course of business.

**C.    Classified Claims and Interests**

Summary of Treatment and Payment Amounts

| Priority Creditors – Taxes, approx. $3,200 | Paid in the ordinary course of business. |
|---|---|

| | |
|---|---|
| Class 1 – Rocket Mortgage, first on Utah Property. | Paid according to the terms of the Promissory Note, monthly payments of $7,450. |
| Class 2 – Rocket Mortgage, second on Utah Property. | Paid according to the terms of the Promissory Note, monthly payments of $2,415. |
| Class 3 – Hyundai, lease on Genesis vehicle. | Debtor will abandon the vehicle back to the leasing company. |
| Class 4 – Priority debts other than taxes | Paid in the ordinary course of business. |
| Class 5 – General unsecured creditors | Paid $1,200 per month at the outset over 60 months plus 50% of the net proceeds of the Romspen and Beaumont litigation. |
| Class 6 – Debtor's interests | Debtor retains. |

A list of all creditors of this estate is attached hereto as **Exhibit "A."**

D. **Claims**

**Class 1** – Secured Creditor Rocket Mortgage, LLC dba Quicken Loans, LLC.

Claim/Collateral: Rocket Mortgage holds a lien against the Utah Property ("Collateral"). The amount of the claim on the petition date was $957,452 (per POC #3).

Priority of lien: First

Impaired/Not Impaired: Unimpaired.

Treatment: The Rocket Mortgage claim will be paid in full according to its original terms as follows: Monthly payments $7,450. The monthly payments shall commence within one month of the effective date of the plan and shall continue each month thereafter pursuant to the terms of the promissory note.

Comments: No new loan documents will be required, unless required by the lender. Except as modified herein, all terms of the original loan will remain in effect. The holder of this claim shall provide the Debtor or its counsel with a statement regarding the current balance due as reasonably requested.

If Debtor fails to comply with this treatment, Rocket Mortgage shall be entitled to exercise its rights under State law and under the terms of the loan documents.

It shall be a material default to fail to maintain property insurance on the Collateral or to fail to make timely payment of property taxes.

**Class 2** – Secured Creditor Rocket Mortgage, LLC dba Quicken Loans, LLC.

Claim/Collateral: Rocket Mortgage holds a lien against the Utah Property. The amount of the claim on the petition date was $224,761 (per POC #4).

Priority of lien: Second

Impaired/Not Impaired: Unimpaired.

Treatment: The Rocket Mortgage claim shall be paid in full according to its original terms as follows: Monthly payments $2,415. The monthly payments shall commence within one month of the effective date of the plan and shall continue each month thereafter pursuant to the terms of the promissory note.

Comments: No new loan documents will be required, unless required by the lender. Except as modified herein, all terms of the original loan will remain in effect. The holder of this claim shall provide the Debtor or its counsel with a statement regarding the current balance due as reasonably requested.

If Debtor fails to comply with this treatment, Rocket Mortgage shall be entitled to exercise its rights under State law and under the terms of the loan documents.

It shall be a material default to fail to maintain property insurance on the Collateral or to fail to make timely payment of property taxes.

**Class 3** – Secured Creditor Hyundai Capital America aka Genesis Finance.

Claim/Collateral: Hyundai Capital is the lessor on a 2024 Genesis GV70. It has filed a proof of claim stating the amount owed on the petition date was $14,951 (per POC #11).

Priority of lien: First

Impaired/Not Impaired: Impaired.

Treatment: The Debtor will abandon this vehicle back to the lessor. Hyundai's unsecured claim after the vehicle is liquidated shall be included in the class 5 creditors.

**Class 4 –** Priority Unsecured Claims

Claims: Certain priority claims specified in §§507(a)(3), (4), (5), (6), and (7) of the Bankruptcy Code are required to be classified in the Plan.

*The Debtor does not believe that any such claims exist.*

**Class 5 –** Non-Priority General Unsecured Claims

Claims: General unsecured claims are unsecured claims not entitled to priority under §507(a). The Debtor's unsecured creditors according to the Debtor's schedules and expected proofs of claim total approximately $20,444,000. See **Exhibit "C."**

Impaired/Not Impaired: Impaired.

Treatment: Class 5 will be paid $78,550 as payment in full, beginning at $1,200 per month over five years in quarterly payments beginning on the Effective Date of the Plan. This amount is approximately .375% of the total unsecured claims.

In addition, if the Debtor is able to pursue the claims against the City of Beaumont and Romspen, as discussed above, the Debtor will contribute 50% of the net amount received after payment of the attorney's fees and costs.

Comments:

None

**Class 6** – Interest Holders

<u>Impaired/Not Impaired</u>: Unimpaired

<u>Treatment</u>: The Debtor will retain his ownership interests in his assets.

### E. Means for performing the Plan

The Debtor expects to make the payments required for the Plan from his ongoing income for the next five years.

Present Income: Based on current work and active assignments, the Debtor's net monthly income (after ordinary business expenses) currently averages approximately $25,000 per month.

### F. Management of the Reorganized Debtor

Not applicable as the Debtor is an individual.

### G. Disbursing Agent

The Debtor shall act as the Disbursing Agent for the purpose of making the distributions to all classes provided for under the Plan; he shall not be compensated.

### H. Distributions

Distributions to be made under the Plan shall be made by check drawn on a domestic bank or by wire transfer, at the sole election of the Disbursing Agent.

Except as otherwise agreed upon by the Disbursing Agent in writing, distributions may be delivered by regular mail, postage prepaid, to the address shown in the Debtor's Schedules, as they may from time to time be amended in accordance with Rule 1009 of the Federal Rules of Bankruptcy Procedure, or if a different address is stated in a Proof of Claim duly filed with the Court, to such address. Nothing contained in the Plan shall require the Disbursing Agent or the Reorganized Debtor to attempt to locate any holder of

an allowed claim.

Checks issued by the Disbursing Agent to pay allowed claims shall be null and void if not negotiated within 90-days after the date of issuance thereof. Requests for reissuance of any check shall be made to the applicable Disbursing Agent or the Reorganized Debtor by the creditor to whom such check originally was issued, within 90-days after the original date of issuance. After the expiration of the 90-days, the unclaimed property held on account of such voided check or such claim shall be revested in the Reorganized Debtor, free of any restrictions thereon, and any entitlement of any holder of any claim to such distribution shall be extinguished and forever barred.

## IV. TREATMENT OF MISCELLANEOUS ITEMS

**A. Executory Contracts and Unexpired Leases**

### 1. Assumptions

The Debtor reserves the right to modify the Plan to designate contracts or leases to be assumed at any time prior to the hearing on confirmation of the Plan.

On the Effective Date, each of the unexpired leases and executory contracts so designated shall be assumed as obligations of the Debtor. The order confirming the Plan shall constitute an order approving the assumption of each lease and contract.

Suppose you are a party to a lease or contract to be assumed and you object to the assumption of your lease or contract, or contend that there are arrearages. In that case, you must file and serve your objection to the Plan and set forth the arrearages within the deadline for objecting to the confirmation of the Plan.

### 2. Rejections

The Debtor intends to abandon the 2024 Genesis GV702024 to Hyundai Capital. If there is a claim after the vehicle is abandoned, the claim will be paid with the Class 5 unsecured creditors.

Case 8:25-bk-11509-SC    Doc 51    Filed 11/26/25    Entered 11/26/25 17:22:58    Desc
Main Document    Page 12 of 20

The Debtor reserves the right to modify the Plan to designate certain contracts or leases for rejection at any time prior to the hearing on confirmation of the Plan.

The order confirming the Plan shall constitute an order approving the rejection of such leases and contracts. If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS 30-DAYS AFTER THE PLAN EFFECTIVE DATE. Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise. Any claim for damages or other claims by parties to such rejected contracts or leases shall be included in the general unsecured class.

**B. Regulatory Commission Approval**

Not applicable as the Debtor is an individual.

**C. Retention of Jurisdiction.**

The Court will retain jurisdiction over this bankruptcy case until a final decree is entered by the Court. At that time the bankruptcy case will be closed.

## V.  EFFECT OF CONFIRMATION OF PLAN

**A. Discharge**

Upon completion of all payments to the General Unsecured Class, the Debtor may request that the Court grant an order discharging him from all debts incurred before the Petition Date to the extent specified in §1141(d)(5)(A). However, the discharge will not discharge any liability imposed by the Plan.

**B. Revesting of Property in Debtor**

Except as provided elsewhere in the Plan, the confirmation of the Plan revests all of

RHM LAW LLP

**12**
**DEBTOR'S PLAN OF REORGANIZATION**

the property of the estate in the Debtor.

From and after the Effective Date, the Debtor may operate and may use, acquire, and dispose of property, and compromise and settle any claims or causes of actions without supervision or consent of the Bankruptcy Court and is free of any restrictions of the Bankruptcy Code or Bankruptcy Rules.

The Debtor shall have, retain, reserve and be entitled to assert all claims, causes of action, rights of setoff and other legal or equitable defenses that the Debtor had immediately prior to the Petition Date as fully as if the Debtor's bankruptcy case had not been commenced; and all of the Debtor's legal and equitable rights respecting any such claim which is not specifically waived, extinguished, relinquished or transferred by the Plan may be asserted after the Effective Date.

### C. Postconfirmation Employment

After the entry of the order of confirmation of the Plan, Reorganized Debtor may employ, without notice, hearing, or order of the Bankruptcy Court, such attorneys, accountants, and other professionals (the "Post-Confirmation Professionals") as the Debtor may desire to render services on such terms as the Debtor deems reasonable.  With respect to services rendered by the Post-Confirmation Professionals, Reorganized Debtor shall be authorized to pay for such services, related costs, and expenses without notice, hearing, or order of the Bankruptcy Court.

### D. Modification of Plan

The Plan may be modified pursuant to 11 U.S.C. §1127.

### E. Postconfirmation Status Report

Pursuant to Local Bankruptcy Rule 3020, within 120-days following the entry of the order confirming the Plan, a reorganized debtor is to file a status report with the Court explaining what progress has been made toward consummation of a confirmed plan.

The Debtor shall do so unless the Court sets a post confirmation status conference,

at which point the Debtor will instead file a post confirmation status report (which contains all the information required by Local Bankruptcy Rule 3020) by the deadline set by the Court, or at least 14-days prior to the hearing if no deadline is specified.

### F. U.S. Trustee Quarterly Fees

The Reorganized Debtor shall be responsible for the timely payment of all fees incurred after the Effective Date pursuant to 28 U.S.C. §1930(a)(6).

### G. Creditor Action Restrained and Default

Creditors may not take any action to enforce either preconfirmation obligations or obligations due under the Plan, so long as the Reorganized Debtor is not in material default under the Plan.

As those claimants whose claims are not agreed upon by the parties (i.e., memorialized in a Plan treatment stipulation), if Reorganized Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan for more than 30-days after the time specified in the Plan, the affected creditor may serve upon Debtor and Debtor's attorney (if any) a written notice of default.

The Debtor is in material default under the Plan if it fails within 60-days of the service of such notice of default to either: (i) to cure the default; or (ii) to obtain from the Court an extension of time to cure the default or a determination that no default occurred.

If the Debtor is in material default under the Plan, affected creditors may: (i) take any action permitted under bankruptcy or non-bankruptcy law to enforce the terms of the Plan; (ii) seek liquidation of nonexempt assets; (iii) seek to remove the Debtor as a DIP; and/or (iv) move to dismiss this case or to convert this case to Chapter 7 pursuant to §1112(b).

A finding that the Debtor is in default postconfirmation will result in conversion to Chapter 7, with all former estate property to revert to the Chapter 7 estate.

### H. Postconfirmation Conversion/Dismissal

If this case is converted to Chapter 7 after confirmation of the Plan, the property of the Reorganized Debtor, or of any other successor to the estate under the Plan, that has not been distributed under the Plan will be vested in the Chapter 7 estate, except for property that would have been excluded from the estate if the case had always been one under Chapter 7.

### I. Final Decree

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the Reorganized Debtor shall file a motion with the Court to obtain a final decree to close this case.

Dated: November 26, 2025                          By: _____
                                                  Steven Robert Wallace
                                                  Debtor and Plan Proponent

Dated: November 26, 2025                          **RHM LAW LLP**

                                                  **By: /s/ M. Jonathan Hayes**
                                                  **Matthew D. Resnik**
                                                  **M. Jonathan Hayes**
                                                  *Attorneys for Debtor/Plan Proponent*
                                                  Steven Robert Wallace II

# EXHIBIT "A"

| Creditor | Scheduled Amount | CUD | Filed Claim | Filed Claim Amount | Allowed Amount: Priority | Allowed Amount: Secured | Allowed Amount: Unsecured | Comments |
|---|---|---|---|---|---|---|---|---|
| **Secured** | | | | | | | | |
| Corporate Counsel LLC | 60,000 | | | | | 60,000 | | |
| Rocket Mortgage | 950,721 | | 3 | 957,452 | | 957,452 | | |
| Rocket Mortgage | 222,000 | | 4 | 224,761 | | 224,761 | | |
| Hyundai Lease | | | 11 | 14,951 | | 14,951 | | |
| | | | | | | | | |
| | | | | | | | | |
| Total Secured | 1,232,721 | | | | | | | |
| **Priority** | | | | | | | | |
| Franchise Tax Board | 0 | | 13 | 0 | | | | |
| Internal Revenue Service | 0 | | 2 | 2,719 | 2,719 | | | |
| Tanica Jo Wallace | 0 | | | | | | | |
| Utah State Tax Commission | 0 | | 16 | 462 | 462 | | | |
| | | | | | | | | |
| | | | | | | | | |
| Total Priority | 0 | | | | | | | |
| **Unsecured** | | | | | | | | |
| American First Cr Union | 8,362 | | 14 | 11,056 | | | 11,056 | |
| American First Cr Union | 2,040 | | | | | | 2,040 | |
| Apex Consumer Law | 0 | | | | | | | re Hyundai Motor - notice only |
| Blackstone Capital LLC | 0 | CUD | | | | | | |
| Calif State Water Resources | | U | 15 | 8,910 | | | 8,910 | State Water Resources Control Bd |
| Citibank | 212 | | | | | | 212 | |
| City of Calimesa | | | | | | | | Amt unknown |
| Coleman Frost LLP | 200,000 | U | | | | | | |
| Costco Citi Card | 4,204 | | | | | | 4,204 | |
| Country Club Village Partners | 0 | UD | | | | | | |
| Felix Woo, Esq. | 0 | | | | | | | Notice only |
| FirstMark (Citizens one) | 36,000 | U | | | | | | |
| FUSCOE | | U | | | | | | Amt unknown |
| Gensler | | U | | | | | | Amt unknown |
| IHC | 250 | | | | | | 250 | |

| Creditor | Amount | Code | # | Amount | | | Amount | Notes |
|---|---:|---|---:|---:|---|---|---:|---|
| Jpmcb | 1,360 | | 9 | 632 | | | 632 | |
| Jpmcb | 735 | | 6 | 735 | | | 735 | |
| Jpmcb | 4,391 | | 8 | 19,959 | | | 19,959 | |
| Kent Milligan | | | | | | | | Amt unknown |
| Keybank | 24,500 | | 7 | 25,009 | | | 25,009 | |
| Keybank | 16,619 | | 12 | 16,619 | | | 16,619 | |
| Kimball Anderson | | | | | | | | Amt unknown |
| Lender Wholesale | 8,000,000 | CU | | | | | | Person guarantee |
| Michael Baker Intl | | | | | | | | Amt unknown |
| ORR Builders | | | | | | | | Amt unknown |
| Park Brighton Resort | 250 | D | | | | | | |
| Ready Capital | 15,700,000 | CU | | | | | | |
| RIC (CVV), LLC | 20,000,000 | CUD | 10 | 20,321,329 | | | 20,321,329 | |
| South Valley ENT | 136 | | | | | | | |
| SBA | 250,000 | CU | | | | | | |
| Venmo | 500 | D | | | | | | |
| Citizens Bank | | | 1 | 32,640 | | | 32,640 | |
| Affirm | | | 5 | 1,329 | | | 1,329 | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| | | | | | | | |
|---|---:|---|---:|---:|---:|---:|---|
| **Total Unsecured** | 44,249,559 | | 20,438,218 | 0 | 0 | 20,444,924 | |
| **TOTAL** | | | | | | | |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

17609 Ventura Blvd., Suite 314, Encino, CA 91316.

A true and correct copy of the foregoing document entitled (*specify*): _____
DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/26/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 11/26/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson- United States Bankruptcy Court
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 11/26/2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Debtor via email - not listed for privacy reasons

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/26/2025 | Gabriela Hansen | /s/ Gabriela Hansen |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) [CONTINUED]**:

- Counsel for Debtor: **M. Jonathan Hayes**    jhayes@rhmfirm.com, roksana@rhmfirm.com; matt@rhmfirm.com; rosario@rhmfirm.com; sloan@rhmfirm.com; priscilla@rhmfirm.com; rebeca@rhmfirm.com; david@rhmfirm.com; susie@rhmfirm.com; max@rhmfirm.com; russ@rhmfirm.com
- **Wendy A Locke**    ecfcacb@aldridgepite.com, wlocke@ecf.inforuptcy.com
- Counsel for Rompsen California Mortgage Limited Partnership and RIC (CCV) LLC: **Hal M Mersel** Mark.Mersel@bclplaw.com, mark-mersel-2098@ecf.pacerpro.com
- Counsel for U.S. Trustee: **Kristin T Mihelic**    kristin.t.mihelic@usdoj.gov
- **Diana Torres-Brito**    dtorres-brito@pralc.com, ecfcca@ecf.courtdrive.com
- **Edward A Treder**    cdcaecf@bdfgroup.com
- **United States Trustee (SA**)    ustpregion16.sa.ecf@usdoj.gov
- **Sharon Z. Weiss**    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com, REC_KM_ECF_SMO@bclplaw.com, sharon-weiss-7104@ecf.pacerpro.com