| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>DARLENE C, VIGIL<br>CA NO. 223442<br>CASSANDRA J.  RICHEY<br>CA NO.  155721<br>BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP<br>3990 E. CONCOURS STREET, SUITE 350<br>ONTARIO, CA  91764<br>Phone: (626) 371-7000, Fax: (972) 661-7726<br>E-mail: CDCAECF@BDFGROUP.COM<br>FILE NO. 10674547<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>STEVEN ROBERT WALLACE, II<br>AKA STEVE R. WALLACE<br>AKA STEVE WALLACE<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:25-bk-11509-SC<br><br>CHAPTER: 11<br><br>**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)**<br><br>DATE: February 18, 2026<br>TIME: 1:30 p.m.<br>COURTROOM: 5C |

**MOVANT :** ROCKET MORTGAGE, LLC F/K/A QUICKEN LOANS, LLC

---

1. **Hearing Location**:

    ☐ 255 East Temple Street, Los Angeles, CA 90012      ☒ 411 West Fourth Street, Santa Ana, CA 92701

    ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367      ☐ 1415 State Street, Santa Barbara, CA 93101

    ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                Page 1                                **F 4001-1.RFS.RP.MOTION**

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____ ; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 01/08/2026

BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP
Printed name of law firm (*if applicable*)

DARLENE C. VIGIL
Printed name of individual Movant or attorney for Movant

/s/ Darlene C. Vigil
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                   Page 2                        **F 4001-1.RFS.RP.MOTION**

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   ☒ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☐ Other (*specify*): Movant directly or through an agent has possession of the promissory note which has been duly indorsed. Pursuant to the attached Deed of Trust, all obligations of the Debtor(s) under and with respect to the Note and the Deed of Trust are secured by the property referenced in the Motion.

2. **The Property at Issue (Property):**

   a. Address:

   *Street address:* 1979 W. ALPINE VISTA CT
   *Unit/suite no.:*
   *City, state, zip code:* WEST JORDAN, UT 84088-6103

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit _1_): 14380639 BOOK 11569, PAGE 1866 Salt Lake County Utah

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary  bankruptcy petition under chapter ☐ 7 ☒ 11 ☐ 12 ☐ 13 was filed on (*date*) _6/2/2025_.

   b. ☐ An order to convert this case to chapter   ☐ 7 ☐ 11 ☐ 12 ☐ 13  was entered on (*date*) _____

   c. ☐ A plan, if any, was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

   (1) ☒ Movant's interest in the Property is not adequately protected.

   (A) ☒ Movant's interest in the Property is not protected by an adequate equity cushion.

   (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

   (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

   (2) ☐ The bankruptcy case was filed in bad faith.

   (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

   (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

   (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

   (D) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition.  Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   (F) ☐ Other (*see attached continuation page*).

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

(3) ☐ *(Chapter 12 or 13 cases only)*

    (A) ☐ All payments on account of the Property are being made through the plan.
☐ Preconfirmation ☐ Postconfirmation  plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

    (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on *(date)* _____,
which is ☐ prepetition ☐ postpetition.

(6) ☐ For other cause for relief from stay, see attached continuation page.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

(1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

(2) ☐ Multiple bankruptcy cases affecting the Property.

5. ☐ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other (*specify*):

6. **Evidence in Support of Motion:  (D*eclaration(s) MUST be signed under penalty of perjury and attached to this motion*)**

a. The REAL PROPERTY DECLARATION on page 6 of this motion.
b. ☐ Supplemental declaration(s).
c. ☒ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit _4_____.

d. ☒ Other: Movant has incurred attorney fees and costs totaling $1,549.00 to prosecute this relief from stay motion. These legal expenses are recoverable as additional obligations payable under the Note and Deed of Trust.

7. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*        Page 4        **F 4001-1.RFS.RP.MOTION**

**Movant requests the following relief:**

1.  Relief from the stay is granted under:  ☒ 11 U.S.C. § 362(d)(1)  ☒ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3).

2.  ☒   Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3.  ☐   Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4.  ☐   Confirmation that there is no stay in effect.

5.  ☐   The stay is annulled retroactive to the bankruptcy petition date.  Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6.  ☐   The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7.  ☐   The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8.  ☐   A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
    ☐  without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9.  ☐   Relief from the stay is granted under 11 U.S.C. § 362(d)(4):  If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☐   The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐   The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:

    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☐   Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☒   If relief from stay is not granted, adequate protection shall be ordered.

14. ☒   See attached continuation page for other relief requested.

Date: 01/08/2026           BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP
                                                  Printed name of law firm (*if applicable*)

                                                 DARLENE C. VIGIL
                                                 Printed name of individual Movant or attorney for Movant

                                                 /s/ Darlene C. Vigil
                                                 Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                Page 5                              **F 4001-1.RFS.RP.MOTION**

# DECLARATION OF ROGER KONKEL

# REAL PROPERTY DECLARATION

I, (print name of Declarant) _____ROGER ROWLEL_____, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (specify):

   a. ☐ I am the Movant and owner of the Property.

   b. ☒ I am employed by Movant as (state title and capacity): Loss Mitigation Officer

   c. ☐ Other (specify): I am a/an _____

2. a. ☒ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other (see attached): See attachment page.

3. The Movant is:

   a. ☒ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit _2____.

   b. ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit _1 & 3_.

   c. ☐ Servicing agent authorized to act on behalf of the:

      ☐ Holder.

      ☐ Beneficiary.

   d. ☐ Other (specify):

4. a. The address of the Property is:

   *Street address:* 1979 W. ALPINE VISTA CT
   *Unit/suite no.:*
   *City, state, zip code:* WEST JORDAN, UT 84088-6103

   b. The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:

   14380639 BOOK 11569, PAGE 1866  Salt Lake County, Utah

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017      Page 6      F 4001-1.RFS.RP.MOTION

5. Type of property (*check all applicable boxes*):

a. ☐ Debtor's principal residence          b. ☒ Other single family residence
c. ☐ Multi-unit residential               d. ☐ Commercial
e. ☐ Industrial                           f. ☐ Vacant land
g. ☐ Other (*specify*):

6. Nature of Debtor's interest in the Property:
a. ☐ Sole owner
b. ☐ Co-owner(s) (*specify*):
c. ☐ Lien holder (*specify*):
d. ☒ Other (*specify*): Tanica Jo Wallace and her Successors as Trustee of the J. T. Wallace Revocable Trust dated November 3, 2020
e. ☒ Debtor      ☒ did  ☐ did not list the Property in the schedules filed in this case.
f. ☐ Debtor acquired the interest in the Property by      ☐ grant deed     ☐ quitclaim deed      ☐ trust deed
   The deed was recorded on (*date*) :_____.

7. Movant holds a  ☒  deed of trust ☐  judgment lien ☐ other (*specify*) _____
   that encumbers the Property.

a. ☒ A true and correct copy of the document as recorded is attached as Exhibit **1** .
b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit **2** .
c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit **3** .

8. Amount of Movant's claim with respect to the Property:

|   |   | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ | $ | $221,761.78 |
| b. | Accrued interest: | $ | $ | $8,799.54 |
| c. | Late charges | $ | $ | **$** |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ | $ | $1,550.00 |
| e. | Advances (property taxes, insurance): | $ | $ | **$** |
| f. | Less suspense account or partial balance paid: | $[ | $[           ] | **$[      ]** |
| g. | TOTAL CLAIM as of (*date*) : 12/2/2025 | $ | $ | $213,111.32 |

h. ☐ Loan is all due and payable because it matured on (*date*): _____

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):
a. Notice of default recorded on (*date*) _____or ☒ none recorded.
b. Notice of sale recorded on (*date*) _____or ☒ none recorded.
c. Foreclosure sale originally scheduled for (*date*) _____or ☒ none scheduled.
d. Foreclosure sale currently scheduled for (*date*) _____or ☒ none scheduled.
e. Foreclosure sale already held on (*date*) _____ or ☒ none held.
f. Trustee's deed upon sale already recorded on (*date*) _____ or ☒ none recorded.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                      Page 7                      **F 4001-1.RFS.RP.MOTION**

10. Attached (*optional*) as Exhibit ___ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☒ (*chapter 7 and 11 cases only*) Status of Movant's loan:
   a. Amount of current monthly payment as of the date of this declaration: $ 2,414.72 for the month of <u>DECEMBER 2025</u>.

   b. Number of payments that have come due and were not made: 4 . Total amount: $9,658.88 .

   c. Future payments due by time of anticipated hearing date (*if applicable*):

   An additional payment of $2,414.72 will come due on (*date*) 1/1/2026 , and on the 1st day of each month thereafter. If the payment is not received within 15th days of said due date, a late charge of $ N/A will be charged to the loan.

   d. The fair market value of the entire Property is $ 1,370,000.000 , established by:
      (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.
      (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.
      (3) ☒ A true and correct copy of relevant portion(s) of Debtor's schedules is attached as Exhibit 4 .
      (4) ☐ Other (*specify*):

   e. **Calculation of equity/equity cushion in Property:**
   Based upon ☐ preliminary title report   ☒   Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | Movant | $950,721.00 | $992,212.47 |
| 2nd deed of trust: | Movant | $ | $212,111.32 |
| 3rd deed of trust: | Corporate Counsel, LLC | $60,000.00 | $60,000.00 |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other | | $ | $ |
| **TOTAL DEBT:** $ 1,242,832.32 | | | |

   f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit 4 and consists of:

   (1) ☐ Preliminary title report

   (2) ☒ Relevant portions of Debtor's schedules as filed in this case

   (3) ☐ Other (*specify*): _____

   g. ☒ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
   I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $ 127,167.68 and is 9 % of the fair market value of the Property.

   h. ☒ **11 U.S.C. § 362(d)(2)(A) - Equity:**
   By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $ 127,167.68 .

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*   Page 8   **F 4001-1.RFS.RP.MOTION**

i.  ☒ Estimated costs of sale: $ 109,600.00 ___ (estimate based upon __8__% of estimated gross sales price)

j.  ☐ The fair market value of the Property is declining because:

12. ☐ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

a.  A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: _____.
A plan confirmation hearing currently scheduled for (or concluded on) the following date:_____.
A plan was confirmed on the following date (*if applicable*): _____.

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit ____.)

c.  Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |

d.  Postpetition advances or other charges due but unpaid:                                              $
(*For details of type and amount, see Exhibit _____*)

e.  Attorneys' fees and costs                                                                                             $
(*For details of type and amount, see Exhibit _____*)

f.  Less suspense account or partial paid balance                                              $[                              ]

TOTAL POSTPETITION DELINQUENCY:                                              $

g.  Future payments due by time of anticipated hearing date (*if applicable*): _____.
An additional payment of $_____ will come due on _____, and on
the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a
late charge of $ N/A will be charged to the loan.

h.  Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how
applied (if applicable):

$ _____    received on (date)_____
$ _____    received on (date)_____
$ _____    received on (date)_____

i.  ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent.
A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or
13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (*date*) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (*date*)_____, which is ☐ prepetition ☐ postpetition.

17. ☐ The bankruptcy case was filed in bad faith:

a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.
b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.
c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.
d. ☐ Other (*specify*):

18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

b. ☐ Multiple bankruptcy cases affecting the Property include:
1. Case name:_____
Chapter:_____ Case number:_____
Date dismissed:_____ Date discharged: _____ Date filed: _____
Relief from stay regarding the Property ☐ was ☐ was not granted.
2. Case name:_____
Chapter:_____ Case number:_____
Date dismissed:_____ Date discharged: _____ Date filed: _____
Relief from stay regarding the Property ☐ was ☐ was not granted.
3. Case name:_____
Chapter:_____ Case number:_____
Date dismissed:_____ Date discharged: _____ Date filed: _____
Relief from stay regarding the Property ☐ was ☐ was not granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017* Page 10 **F 4001-1.RFS.RP.MOTION**

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

    a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

    c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____1/6/26_____    _____ROGER KOMEL_____    _____(signature)_____
Date               Printed name                   Signature

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                    Page 11                                    F 4001-1.RFS.RP.MOTION

**CONTINUATION TO PAGE 5, PARAGRAPH 14 OF PRAYER FOR RELIEF**

Movant requests the following relief:

14.     The 14-day stay prescribed by FRBP 4001(a)(4) is waived.

**Continuation Page**

The Debtor filed the Disclosure Statement and Chapter 11 Plan on November 26, 2025 and the Plan is pending confirmation with a hearing set for approval of the Disclosure Statement on 1/15/2026 at 10:00 a.m.

# EXHIBIT 1

14380639 B: 11569 P: 1866 Total Pages: 15
05/06/2025 11:48 AM By: vanguyen Fees: $40.00
Rashelle Hobbs, Recorder, Salt Lake County, Utah
Return To: GT TITLE SERVICES
1250 E 200 S STE 3DLEHI, UT 840431490

Prepared By:
**Jeremy Davis**
**Rocket Mortgage, LLC**
**1050 Woodward Ave**
**Detroit, MI 48226-1906**
**(800) 226-6308**

After Recording Return To:
**Rocket Mortgage, LLC**
**1050 Woodward Ave**
**Detroit, MI 48226-1906**
**(313) 373-0000**

[Space Above This Line for Recording Data]

Tax Serial Number: ████████████████

# DEED OF TRUST

Wallace
Loan ████
MIN ████
MEI ████
PIN: ████

THIS DEED OF TRUST is made this **1st** day of **May, 2025**, among the Trustor, **Tanica Jo Wallace and her successors as Trustees of The T. J. Wallace Revocable Trust dated November 3, 2020** (herein "Borrower"), **Rocket Close Utah, LLC** (herein "Trustee"), and the Beneficiary, Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI, 48501-2026, tel. (888) 679-MERS. **Rocket Mortgage, LLC**, ("Lender") is organized and existing under the laws of **the State of Michigan**, and has an address of **1050 Woodward Ave, Detroit, MI 48226-1906**.

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of **Salt Lake**, State of Utah:
**See Exhibit "A"- Legal Description Hereto and Made a Part Hereof. Subject to Covenants of Record.**
which has the address of **1979 W Alpine Vista Ct, West Jordan**, Utah **84088-6103** (herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that

Rocket ~~Mortgage, LLC (NMLS #~~ ████ Rocket Mortgage, LLC (NMLS # ████ Michael Moczydlowsky
(License ████

UTAH - SECOND DEED OF TRUST - 03/18

EX 511.25                    Page 1 of 9

██████████████████

**EXHIBIT 1**

MERS holds only legal title to the interests granted by Borrower in this Deed of Trust; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and take any action required of Lender including, but not limited to, releasing or canceling this Deed of Trust.

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated **May 1, 2025** and extensions and renewals thereof (herein "Note"), in the principal sum of U.S. **$222,464.00**, with interest thereon, providing for monthly installments of principal and interest with the balance of the indebtedness, if not sooner paid, due and payable on **May 1, 2045**; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such



Rocket Mortgage, LLC (N) ▮▮ Rocket Mortgage, LLC ▮▮ Michael Moczydlowsky
(License ▮▮

UTAH - SECOND DEED OF TRUST - 03/18

511.25                    Page 2 of 9

EXHIBIT 1

excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower for interest payable on the Note, then to the principal of the Note, and then to amounts under paragraph 2 hereof, if any.

If Lender receives a payment from Borrower for a delinquent periodic payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one periodic payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the periodic payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more periodic payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or miscellaneous proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the periodic payments.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit**

Rocket Mortgage, LLC (NMLS    Rocket Mortgage, LLC (NMLS #:    Michael Moczydlowsky
(License #:

UTAH - SECOND DEED OF TRUST - 03/18

EX 511.25    Page 3 of 9



EXHIBIT 1

**Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declarations or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust



Rocket Mortgage, 1 ▮▮▮▮▮ Rocket Mortgage, LLC (NMLS # ▮▮▮ |Michael Moczydlowsky
(License # ▮▮▮▮▮▮▮▮

UTAH - SECOND DEED OF TRUST - 03/18

CX 511.25                           Page 4 of 9

EXHIBIT 1

as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by first class mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by first class mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 30 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date



Rocket Mortgage, LLC (NMLS #          Rocket Mortgage, LLC (NMLS          Michael Moczydlowsky

UTAH - SECOND DEED OF TRUST - 03/18

511.25                                      Page 5 of 9

EXHIBIT 1

specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If the power of sale is invoked, Trustee shall execute a written notice of the occurrence of an event of default and of the election to cause the Property to be sold and shall record such notice in each county in which the Property or some part thereof is located. Lender or Trustee shall mail copies of such notice in the manner prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto or to the county clerk of the county in which the sale took place.

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to five days before sale of Property pursuant to the power of sale contained in this Deed of Trust or at any time prior to entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver; Lender is Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the

Rocket Mortgage, LLC (NMLS █     Rocket Mortgage, LLC (NMLS # █   Michael Moczydlowsky
(License #: █

⊠ 511.25                                    Page 6 of 9                    UTAH - SECOND DEED OF TRUST - 03/18



EXHIBIT 1

receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**20. Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled thereto. Such person or persons shall pay all costs of recordation, if any. Lender may charge such person or persons a fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law.

**21. Substitute Trustee.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Request for Notices.** Borrower requests that copies of the notice of default and notice of sale be sent to Borrower's address which is the Property Address.

REFERENCE IS HEREBY MADE TO THE RIDER(S) ATTACHED HERETO AND MADE A PART HEREOF FOR ALL PURPOSES:

☐ Adjustable Rate Rider      ☐ Condominium Rider             ☐ Second Home Rider
☐ Balloon Rider             ☐ Planned Unit Development Rider ☐ Biweekly Payment Rider
☐ 1-4 Family Rider          ☒ Other(s) [specify] **Inter Vivos Revocable Trust Rider**

**REQUEST FOR NOTICE OF DEFAULT
AND FORECLOSURE UNDER SUPERIOR
MORTGAGES OR DEEDS OF TRUST**

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

Rocket Mortgage, LLC (NMLS ▬    Rocket Mortgage, LLC (NMLS ▬ lichael Moczydlowsky
(License ▬                 ▬)

UTAH - SECOND DEED OF TRUST - 03/18

⊂✗⊐ 511.25                          Page 7 of 9

EXHIBIT 1

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

5/1/2025

- BORROWER - Steven Wallace - DATE -

Tanica Jo Wallace  5-1-25
Tanica Jo Wallace - DATE -

Signature:  Tanica Jo Wallace
Tanica Jo Wallace

As Trustee of the T. J. Wallace Revocable Trust, under Trust Agreement dated November 3, 2020

Tanica Jo Wallace, Settlor of the T. J. Wallace Revocable Trust under Trust Agreement dated November 3, 2020, acknowledges and agrees to be bound by all of the terms and covenants contained in this Security Instrument and any Riders to this Security Instrument.

SETTLOR:

Tanica Jo Wallace  (Seal)

Steven Wallace, Settlor of the T. J. Wallace Revocable Trust under Trust Agreement dated November 3, 2020, acknowledges and agrees to be bound by all of the terms and covenants contained in this Security Instrument and any Riders to this Security Instrument.

SETTLOR:

Steven Wallace  (Seal)

Rocket Mortgage, LLC (NML███████ocket Mortgage, LLC (NMLS███████ Michael Moczydlowsky
(License #███████

UTAH - SECOND DEED OF TRUST - 03/18

█X█ 511.25                    Page 8 of 9

14380639 B: 11569 P: 1873    Page 8 of 15

EXHIBIT 1

(Sign Original Only)

State of **Utah**

County of **Salt Lake**

The foregoing instrument was acknowledged before me this **May 1, 2025** by **Steven Wallace, as an individual; Tanica Jo Wallace, as an individual; and Tanica Jo Wallace, as trustee of the T. J. Wallace Revocable Trust.**

Notary Public

**MELINDA KAYE GOODMAN**
Notary Public State of Utah
My Commission Expires on:
June 12, 2028
Comm. Number: 737700

Residing at: _Salt Lake City_

My Commission Expires: _6·12·28_

Individual Loan Originator: **Michael Moczydlowsky**, NMLSR ID
Loan Originator Organization: **Rocket Mortgage, LLC**, NMLSR ID

Rocket Mortgage, LLC (NMLS:          .ocket Mortgage, LLC (NMLS          Michael Moczydlowsky
(License

**UTAH - SECOND DEED OF TRUST - 03/18**

EX 511.25                                        Page 9 of 9

14380639  B: 11569 P: 1874    Page 9 of 15

**EXHIBIT 1**

## INTER VIVOS REVOCABLE TRUST RIDER

**Wallace**
Loa███
MIN███

### DEFINITIONS USED IN THIS RIDER.

(A) "Revocable Trust." The **T. J. Wallace Revocable Trust** created under trust agreement dated **November 3, 2020.**

(B) "Revocable Trust Trustee(s)." **Tanica Jo Wallace**, trustee(s) of the Revocable Trust.

(C) "Revocable Trust Settlor(s)." **Tanica Jo Wallace** and **Steven Wallace**, settlor(s) of the Revocable Trust signing below.

(D) "Lender." **Rocket Mortgage, LLC.**

(E) "Security Instrument." The Deed of Trust, Mortgage or Security Deed and any riders thereto of the same date as this Rider given to secure the Note to the Lender of the same date and covering the Property (as defined below).

(F) "Property." The property described in the Security Instrument and located at:

**1979 W Alpine Vista Ct, West Jordan, UT 84088-6103.**
[Property Address]

THIS REVOCABLE TRUST RIDER is made this **1st** day of **May, 2025**, and is

Rocket Mortgage. LLC (NMLS ███ Rocket Mortgage, LLC (NMLS ███ Michael Moczydlowsky
(License #███

MULTISTATE INTER VIVOS REVOCABLE TRUST RIDER

▣ 21131.62                                        Page 1 of 5

EXHIBIT 1

incorporated into and shall be deemed to amend and supplement the Security Instrument.

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, the Revocable Trust Trustee(s), the Revocable Trust Settlor(s), and the Lender further covenant and agree as follows:

**A. INTER VIVOS REVOCABLE TRUST**

**1. CERTIFICATION AND WARRANTIES OF REVOCABLE TRUST TRUSTEE(S).**

The Revocable Trust Trustee(s) certify to the Lender that the Revocable Trust is an *inter vivos* revocable trust for which the Revocable Trust Trustee(s) are holding full title to the Property as trustee(s).

The Revocable Trust Trustee(s) warrants to the Lender that (i) the Revocable Trust is validly created under the laws of the State of **Utah**; (ii) the trust agreement creating the Revocable Trust is in full force and effect and there are no amendments or other modifications to the trust agreement affecting the revocability of the Revocable Trust; (iii) the Property is located in the State of **Utah**; (iv) the Revocable Trust Trustee(s) have full power and authority as trustee(s) under the trust agreement creating the Revocable Trust and under applicable law to execute the Security Instrument, including this Rider; (v) the Revocable Trust Trustee(s) have executed the Security Instrument, including this Rider, on behalf of the Revocable Trust; (vi) the Revocable Trust Settlor(s) have executed the Security Instrument, including this Rider, acknowledging all of the terms and conditions contained therein and agreeing to be bound thereby; (vii) only the Revocable Trust Settlor(s) and the Revocable Trust Trustee(s) may hold any power of direction over the Revocable Trust; (viii) only the Revocable Trust Settlor(s) hold the power to direct the Revocable Trust Trustee(s) in the management of the Property; (ix) only the Revocable Trust Settlor(s) hold the power of revocation over the Revocable Trust; and (x) the Revocable Trust Trustee(s) have not been notified of the existence or assertion of any lien, encumbrance or claim against any beneficial interest in, or transfer of all or any portion of any beneficial interest in or powers of direction over the Revocable Trust Trustee(s) or the Revocable Trust, as the case may be, or power of revocation over the Revocable Trust.

**2. NOTICE OF CHANGES TO REVOCABLE TRUST AND TRANSFER OF POWERS OVER REVOCABLE TRUST TRUSTEE(S) OR REVOCABLE TRUST OR BOTH; NOTICE OF CHANGE OF REVOCABLE TRUST TRUSTEE(S); NOTICE OF CHANGE OF OCCUPANCY OF THE PROPERTY; NOTICE OF TRANSFER OF BENEFICIAL INTEREST IN REVOCABLE TRUST.**

The Revocable Trust Trustee(s) shall provide timely notice to the Lender promptly upon notice or knowledge of any revocation or termination of the Revocable Trust, or of any change in the holders of the powers of direction over the Revocable Trust Trustee(s) or the Revocable Trust, as the case may be, or of any change in the holders of the power of revocation over the Revocable

Rocket Mortgage, LLC (NMLS █████ |Rocket Mortgage, LLC (NMLS # █████ Michael Moczydlowsky
(License # █████████

MULTISTATE INTER VIVOS REVOCABLE TRUST RIDER

☒ 21131.62                                Page 2 of 5

EXHIBIT 1

Trust, or both, or of any change in the trustee(s) of the Revocable Trust (whether such change is temporary or permanent), or of any change in the occupancy of the Property, or of any sale, transfer, assignment or other disposition (whether by operation of law or otherwise) of any beneficial interest in the Revocable Trust.

**B. ADDITIONAL BORROWER(S).**

The term "Borrower" when used in the Security Instrument will refer to the Revocable Trust, the Revocable Trust Trustee(s) and the Revocable Trust Settlor(s), jointly and severally. Each party signing this Rider below (whether by accepting and agreeing to the terms and covenants contained herein or by acknowledging all of the terms and covenants contained herein and agreeing to be bound thereby, or both) covenants and agrees that, whether or not such party is named as "Borrower" on the first page of the Security Instrument, each covenant and agreement and undertaking of the "Borrower" in the Security Instrument will be such party's covenant and agreement and undertaking as "Borrower" and shall be enforceable by the Lender as if such party were named as "Borrower" in the Security Instrument.

**C. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN THE REVOCABLE TRUST.**

Uniform Covenant 16 of the Security Instrument is amended in its entirety to read as follows:

**Transfer of the Property or a Beneficial Interest in Revocable Trust.** For purposes of this Section 16 only, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract, or escrow agreement, the intent of which is the transfer of title by Borrower to a purchaser at a future date.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Revocable Trust is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, Lender will not exercise this option if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender will give Borrower notice of acceleration. The notice will provide a period of not less than 30 days from the date the notice is given in accordance with Section 12, within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to, or upon, the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower and will be entitled to collect all expenses incurred in pursuing such remedies, including, but not limited to: (a) reasonable attorneys' fees and costs; (b) property inspection and valuation fees; and (c) other fees incurred to protect Lender's Interest in the Property and/or rights under this Security Instrument.



Rocket Mortgage ▪▪▪▪ Rocket Mortgage, LLC (NMLS ▪▪▪ Michael Moczydlowsky
(License ▪▪▪▪▪▪

MULTISTATE INTER VIVOS REVOCABLE TRUST RIDER

☒ 21131.62

EXHIBIT 1

BY SIGNING BELOW, the Revocable Trust Trustee(s) and other undersigned individual(s), if any, accepts and agrees to the terms and covenants contained in this Revocable Trust Rider.

_____ 5/1/2025

- BORROWER - Steven Wallace - DATE -

*Tanica Jo Wallace* 5-1-25

Tanica Jo Wallace - DATE -

Signature: *Tanica Jo Wallace*

Tanica Jo Wallace

As Trustee of the T. J. Wallace Revocable Trust, under Trust Agreement dated November 3, 2020

Tanica Jo Wallace, Settlor of the T. J. Wallace Revocable Trust under Trust Agreement dated November 3, 2020, acknowledges and agrees to be bound by all of the terms and covenants contained in this Security Instrument and any Riders to this Security Instrument.

SETTLOR:

*Tanica Jo Wallace* _____ (Seal)

Tanica Jo Wallace

Rocket Mortgage, LLC ▮▮▮▮▮ Rocket Mortgage, ▮▮▮▮▮ Michael Moczydlowsky

**MULTISTATE INTER VIVOS REVOCABLE TRUST RIDER**

21131.62                          Page 4 of 5

EXHIBIT 1

Steven Wallace, Settlor of the T. J. Wallace Revocable Trust under Trust Agreement dated November 3, 2020, acknowledges and agrees to be bound by all of the terms and covenants contained in this Security Instrument and any Riders to this Security Instrument.

SETTLOR:

_____ (Seal)
Steven Wallace

Rocket Mortgage. ████████    Rocket Mortgage, LLC ████████    Michael Moczydlowsky
(License ████████
**MULTISTATE INTER VIVOS REVOCABLE TRUST RIDER**
⌧ 21131.62                         Page 5 of 5

14380639  B: 11569 P: 1879    Page 14 of 15

**EXHIBIT 1**



*Information for Reference Purposes Only:*
Parcel Number(s)
Property Address(es):
**1979 WEST ALPINE VISTA COURT, WEST JORDAN, UT 84088**

## EXHIBIT "A"

The real property referred to herein is situated in **SALT LAKE** County, Utah, and is described as follows:

LOT 308, OKUBO SUBDIVISION PHASE 3, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE OFFICE OF THE SALT LAKE COUNTY RECORDER.

EXHIBIT 1

# EXHIBIT 2

# NOTE

Wallace
Loan ▮
MIN ▮

May 1, 2025              Salt Lake City,                    Utah
[Date]                        [City]                         [State]

1979 W Alpine Vista Ct, West Jordan, UT 84088-6103
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $222,464.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Rocket Mortgage, LLC.** I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of **11.775%.**

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the **1st** day of each month beginning on **June 1, 2025.** I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **May 1, 2045,** I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **P.O. Box 6577, Carol Stream, IL 60197** or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $2,414.72.

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit;

Rocket Mortgage, LLC (NMLS #▮ |Rocket Mortgage, LLC (NMLS #▮ )|Michael Moczydlowsky (License #:
▮ NMLS #: ▮

UTAH - SECOND FIXED RATE NOTE - 08/16

1076.17                              Page 1 of 3

**EXHIBIT 2**

and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **15** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.000%** of my overdue payment of principal and interest, but not less than U.S. **$30.00**. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the



LS #      Rocket Mortgage, LLC (NMLS #      |Michael Moczydlowsky (License #:

UTAH - SECOND FIXED RATE NOTE - 08/16

Page 2 of 3

**EXHIBIT 2**

protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 12 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**NOTICE TO BORROWER**
**Do not sign this Note if it contains blank spaces.**
**All spaces should be completed before you sign.**

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____  5/1/2025
- BORROWER - Steven Wallace - DATE -

Signature: _Tanica Jo Wallace_
                    Tanica Jo Wallace

**As Trustee of the T. J. Wallace Revocable Trust, under Trust Agreement dated November 3, 2020**

*[Sign Original Only]*

Individual Loan Originator: **Michael Moczydlowsky**, NMLSR ID: : ▮▮▮▮
Loan Originator Organization: **Rocket Mortgage, LLC**, NMLSR I▮▮▮▮

Without Recourse
Pay To the Order of

Rocket Mortgage, LLC
By _____
Tracey Laurie

Rocket Mortgage, LLC (NMLS # ▮▮ | Rocket Mortgage, LLC (NMLS # ▮▮ Michael Moczydlowsky (License #:

UTAH - SECOND FIXED RATE NOTE - 08/16

Page 3 of 3

**EXHIBIT 2**

# EXHIBIT 3

**14396336  B: 11578 P: 1341  Total Pages: 4**
**06/11/2025 03:44 PM By: asteffensen Fees: $40.00**
**Rashelle Hobbs, Recorder, Salt Lake County, Utah**
**Return To: ROCKET MORTGAGE LLC- CLIENT SOLUTIONS**
**1050 WOODWARD AVEDETROIT, MI 482263573**

**Recording Requested By/Return To:**

Final Docs Team
1050 Woodward Ave.
Detroit, MI 48226

**This Instrument Prepared By:**
Daniel Stevens
Rocket Mortgage, LLC
1050 Woodward Ave.
Detroit, MI 48226
Tel. No.:(800) 226-6308 ext. 34780

## Assignment of Deed of Trust

FOR VALUE RECEIVED, Mortgage Electronic Registration Systems, Inc. ("MERS")
as beneficiary, as nominee for Rocket Mortgage, LLC, whose address is P.O Box 2026, Flint, MI,
48501-2026, its successors and assigns, does hereby grant,

assign, transfer and convey, unto Rocket Mortgage, LLC, FKA Quicken Loans, LLC , a corporation
organized and existing under the laws of   the state of Michigan  address is (herein "Assignee"), whose
1050 Woodward Ave. Detroit, MI 48226

, its successors
and assigns, all its right, title and interest in and to a certain Mortgage dated   May 1, 2025 ,
made and executed by
TANICA JO WALLACE AND HER SUCCESSORS AS TRUSTEES OF THE T. J. WALLACE REVOCABLE TRUST
DATED NOVEMBER 3, 2020

whose address is   1979 W Alpine Vista Ct, West Jordan, UT 84088

to ROCKET CLOSE UTAH, LLC

following described property situated in    SALT LAKE    Trustee, upon the
of  Utah          :          County, State

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART
HEREOF SUBJECT TO COVENANTS OF RECORD.

Tax Parcel#:    27-03-155-015

| | |
|---|---|
| Mortgage Recorded On:    05/06/2025 | Book/Liber#: 11569 |
| Document Number:    14380639 | Page#: 1866 |
| MI | MERS Phone: 1-888-679-6377 |

MEAS Assignment of Mortgage
VMP 00
Wolters Kluwer Financial Services  © 2000  2011

VMP95M (1104) 00
Page 1 of 3

**EXHIBIT 3**

such Mortgage having been given to secure payment of
Two Hundred Twenty Two Thousand Four Hundred Sixty Four Dollars and 00/100

($ 222,464.00            ) (Include the Original Principal Amount) which Mortgage is of record
in Book, Volume, or Liber No. 11569          , at page 1866           (or as No.
14380639                    ) of the                      Records of
                                        SALT LAKE   County, State of
Utah                                   and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to
the terms and conditions of the above-described Mortgage.

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on
June 6, 2025

_____
Witness Hannah Wloch

                                        **Mortgage Electronic Registration Systems, Inc.**
                                        **("MERS")** as beneficiary, as nominee for
                                        Rocket Mortgage, LLC , its successors and assigns

_____
Witness  McKenzie Palchak

By: _____
                          (Signature)

**Name:**  Andrew Curd
**Title:**   Assistant Secretary of MERS

_____
Attest

14396336  B: 11578 P: 1342     Page 2 of 4

EXHIBIT  3

**Acknowledgement**

State of Michigan

County of Wayne

On 06/06/2025 , before me Angela Nicholson , a Notary Public of Michigan , personally appeared Andrew Curd , Assistant Secretary of Mortgage Electronic Registration Systems, Inc., personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument, the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

ANGELA NICHOLSON
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF WAYNE
My Commission Expires December 13, 2026
Acting in the County of WAYNE

Name: Angela Nicholson
Title: Notary Public

MERS Assignment of Mortgage
Wolters Kluwer Financial Services  © 2000, 2011

VMP95M (1104).00
Page 3 of 3

14396336  B: 11578 P: 1343    Page 3 of 4

**EXHIBIT 3**



*Information for Reference Purposes Only:*
Parcel Number(s): **27-03-155-015**
Property Address(es):
**1979 WEST ALPINE VISTA COURT, WEST JORDAN, UT 84088**

## EXHIBIT "A"

The real property referred to herein is situated in **SALT LAKE** County, Utah, and is described as follows:

LOT 308, OKUBO SUBDIVISION PHASE 3, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE OFFICE OF THE SALT LAKE COUNTY RECORDER.

**14396336  B: 11578 P: 1344      Page 4 of 4**

**EXHIBIT 3**

# EXHIBIT 4

**Fill in this information to identify your case and this filing:**

| Debtor 1 | Steven Robert Wallace, II | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number    8:25-bk-11509-SC

☐ Check if this is an amended filing

## Official Form 106A/B
## Schedule A/B: Property                                    12/15

In each category, separately list and describe items. List an asset only once.  If an asset fits in more than one category, list the asset in the category where you think it fits best.  Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

   ☐ No. Go to Part 2.

   ■ Yes.  Where is the property?

1.1

**1979 W Alpine Vista Court**
Street address, if available, or other description

**West Jordan        UT        84088-0000**
City                State        ZIP Code

**Salt Lake**
County

**What is the property?** Check all that apply

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another

**Other information you wish to add about this item, such as local property identification number:**

Title in the name of T. J. Wallace Revocable Trust dated November 3, 2020; APN 27-03-155-015

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $1,370,000.00 | $685,000.00 |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

Debtor has 50% interest in the property as joint tenant with Tanica Wallace (ex-wife)

☐ **Check if this is community property** (see instructions)

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.........................................................................=>**

$685,000.00

**Part 2:    Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

**EXHIBIT 4**

| Debtor 1 | Steven Robert Wallace, II | Case number *(if known)* | 8:25-bk-11509-SC |
|---|---|---|---|

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
■ Yes

**3.1**

| Make: | Ram |
|---|---|
| Model: | 1500 |
| Year: | 2016 |
| Approximate mileage: | 100,000 |
| Other information: | |

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $12,000.00 | $12,000.00 |

**3.2**

| Make: | Mercedes |
|---|---|
| Model: | GLC CLS 300 |
| Year: | 2024 |
| Approximate mileage: | |
| Other information: | Lease |

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $0.00 | $0.00 |

**3.3**

| Make: | Genesis |
|---|---|
| Model: | GV70 |
| Year: | 2024 |
| Approximate mileage: | |
| Other information: | Lease |

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $0.00 | $0.00 |

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☐ No
■ Yes

**4.1**

| Make: | Arctic Cat |
|---|---|
| Model: | Wildcat |
| Year: | 2018 |
| Other information: | |

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $2,000.00 | $2,000.00 |

**5** Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here............................................................................=>

| $14,000.00 |
|---|

**Part 3:    Describe Your Personal and Household Items**

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No

EXHIBIT 4

| Debtor 1 | Steven Robert Wallace, II | Case number *(if known)* | 8:25-bk-11509-SC |
|---|---|---|---|

■ Yes.  Describe.....

| Misc. household goods and furnishings | $2,000.00 |
|---|---|

**7. Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

☐ No

■ Yes.  Describe.....

| Television, laptop, cell phone and misc. electronics | $2,000.00 |
|---|---|

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

☐ No

■ Yes.  Describe.....

| Books, pictures and art | $100.00 |
|---|---|

**9. Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

☐ No

■ Yes.  Describe.....

| Snowboard, helmet, goggles | $250.00 |
|---|---|

**10.  Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

☐ No

■ Yes.  Describe.....

| Handgun, shotgun | $500.00 |
|---|---|

**11.  Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No

■ Yes.  Describe.....

| Misc. wearing apparel | $1,000.00 |
|---|---|

**12.  Jewelry**
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

☐ No

■ Yes.  Describe.....

| Watches | $500.00 |
|---|---|

**13.  Non-farm animals**
*Examples:* Dogs, cats, birds, horses

■ No

☐ Yes.  Describe.....

**14.  Any other personal and household items you did not already list, including any health aids you did not list**

■ No

Official Form 106A/B                Schedule A/B: Property                page 3

**EXHIBIT 4**

| Debtor 1 | Steven Robert Wallace, II | Case number *(if known)* | 8:25-bk-11509-SC |
|---|---|---|---|

☐ Yes.  Give specific information.....

15.  **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ............................................................................

$6,350.00

---

**Part 4:**  **Describe Your Financial Assets**

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

16.  **Cash**
  *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
  ☐ No
  ■ Yes....................................................................................................................

  Cash on hand                     $400.00

17.  **Deposits of money**
  *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
  ☐ No
  ■ Yes........................                     Institution name:

| | | | |
|---|---|---|---|
| 17.1. | Checking account | Wells Fargo Bank | $24,693.00 |
| 17.2. | Checking account | Key Bank | $36.79 |
| 17.3. | Checking account | America First Credit Union | $10,084.00 |
| 17.4. | Savings account | America First Credit Union | $2.00 |
| 17.5. | Money Mkt Savings | America First Credit Union | $37.92 |

18.  **Bonds, mutual funds, or publicly traded stocks**
  *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
  ■ No
  ☐ Yes.................                     Institution or issuer name:

19.  **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
  ☐ No
  ■ Yes.  Give specific information about them...................
                     Name of entity:                                        % of ownership:

**EXHIBIT 4**

Debtor 1    Steven Robert Wallace, II                                                          Case number *(if known)*    8:25-bk-11509-SC

| | | |
|---|---|---|
| EPiC Capital Solutions, Inc. was formed n June 6, 2007 for purposes of taking consulting fees and commissions for capital markets advisory and commercial debt origination. Over time entity has functioned as parent company for other subsidiary entities, related to management of projects and work products related to specific opportunities. It has a checking account at Wells Fargo with $609 and America First Credit Union with $254. Entity has no hard assets and no employees at this time. EPIC Capital owns 100% of ECS Logistics, LLC (MT). ECS Logistics is currently generating little income and is generally inactive. It has a Wells Fargo bank account with a balance of a few hundred dollars. | 100%                % | $0.00 |
| Black Oak, LLC was originally called CCV Partners LLC, then later changed the name to Black Oak, LLC be more versatile. Black Oak in the past was owned 99% by Steve (personally) and 1% by EPIC. Today it is 100% owned by Steve. Black Oak LLC owns 100% of CCV Management LLC and CCV Holdings LLC (CCV Calimesa is a DBA in CA, but currently inactive in CA). Entity is not currently engaged in any active business activities. It has no employees. Its only assets are its interests in CCV Holdings and CCV Management. CCV Management was originally formed by parties unrelated to the Debtor for the purpose of developing a 30-acre plot of land in Calimesa Ca. (the "CCV Project"). CCV Management was later acquired by Debtor through his newly created entity CCV Partners LLC (later Black Oak, LLC) in or about March 2017. | 100% Steven R. Wallace         % | $0.00 |
| Other LLC's which are defunct - TBA | % | $0.00 |

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
   *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
   *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

   ■ No

   ☐ Yes. Give specific information about them
                              Issuer name:

21. **Retirement or pension accounts**
   *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

   ■ No

   ☐ Yes. List each account separately.
                              Type of account:              Institution name:

22. **Security deposits and prepayments**
   Your share of all unused deposits you have made so that you may continue service or use from a company
   *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

   ■ No

   ☐ Yes. ..................... Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

   ■ No

   ☐ Yes............. Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
   26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

Official Form 106A/B                          Schedule A/B: Property                                          page 5

EXHIBIT 4

| Debtor 1 | Steven Robert Wallace, II | Case number *(if known)* | 8:25-bk-11509-SC |
|---|---|---|---|

☑ No

☐ Yes............. Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☐ No

☑ Yes.  Give specific information about them...

| T. J. Wallace Revocable Trust dated November 3, 2020 | $0.00 |
|---|---|

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

☑ No

☐ Yes.  Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☑ No

☐ Yes.  Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**28. Tax refunds owed to you**

☑ No

☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

**29. Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☑ No

☐ Yes. Give specific information......

**30. Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security benefits; unpaid loans you made to someone else

☑ No

☐ Yes.  Give specific information..

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☐ No

☑ Yes. Name the insurance company of each policy and list its value.

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| Northwest Mutual Insurance- whole life insurance policy | Tanica Wallace and minor children | $0.00 |
| USAA Term Life Insurance | T. J. Wallace Revocable Trust DTD 11/10/2020 | $0.00 |

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

☑ No

☐ Yes.  Give specific information..

**EXHIBIT 4**

| Debtor 1 | Steven Robert Wallace, II | | Case number (if known) | 8:25-bk-11509-SC |
|---|---|---|---|---|

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☐ No

■ Yes.  Describe each claim.........

| CCV Holdings, LLC; Steven R Wallace vs City of Beaumont; Case No. CVRI 2404738 for Breach of Contract | Unknown |
|---|---|

| Cross Complaint - Steven R. Wallace vs RIC (CVV), LLC; ROMPEN CALIFORNIA MORTGAGE LIMITED PARTNERSHIP, an Ontario limited partnership; and ROES 1 to 20, inclusive; Case No. CVRI2300927, Breach of Fiduciary dutes, claim subject to offset | Unknown |
|---|---|

| Claim against Hyundai Motor America for Violation of Song-Beverly Act - breach of express and implied warranty; Steven Robert Wallace vs Hyundai Motor America, Case No. 24SMCV05436 | Unknown |
|---|---|

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☐ No

■ Yes.  Describe each claim.........

| TBA - still reviewing | Unknown |
|---|---|

**35. Any financial assets you did not already list**

■ No

☐ Yes.  Give specific information..

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here.............................................................................................................**

| $35,253.71 |
|---|

**Part 5:   Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

**37. Do you own or have any legal or equitable interest in any business-related property?**

■ No. Go to Part 6.

☐ Yes.  Go to line 38.

**Part 6:   Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.**
If you own or have an interest in farmland, list it in Part 1.

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

■ No. Go to Part 7.

☐ Yes.  Go to line 47.

**Part 7:   Describe All Property You Own or Have an Interest in That You Did Not List Above**

**53. Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership

■ No

☐ Yes. Give specific information.........

**54. Add the dollar value of all of your entries from Part 7. Write that number here ...................................**

| $0.00 |
|---|

**EXHIBIT 4**

| Debtor 1 | Steven Robert Wallace, II | Case number *(if known)* | 8:25-bk-11509-SC |
|---|---|---|---|

| Part 8: | List the Totals of Each Part of this Form |
|---|---|

| | | | |
|---|---|---|---|
| 55. | **Part 1: Total real estate, line 2** ........................................................................................................ | | $685,000.00 |
| 56. | **Part 2: Total vehicles, line 5** | $14,000.00 | |
| 57. | **Part 3: Total personal and household items, line 15** | $6,350.00 | |
| 58. | **Part 4: Total financial assets, line 36** | $35,253.71 | |
| 59. | **Part 5: Total business-related property, line 45** | $0.00 | |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | $0.00 | |
| 61. | **Part 7: Total other property not listed, line 54** | +        $0.00 | |
| 62. | **Total personal property.** Add lines 56 through 61... | $55,603.71 | Copy personal property total        $55,603.71 |
| 63. | **Total of all property on Schedule A/B.** Add line 55 + line 62 | | $740,603.71 |

EXHIBIT 4

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Steven Robert | Wallace, | II |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number    8:25-bk-11509-SC
(if known)

☐ Check if this is an amended filing

Official Form 106D
# Schedule D: Creditors Who Have Claims Secured by Property                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

**Part 1:    List All Secured Claims**

| 2. List all secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name. | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** | Column C<br>**Unsecured portion**<br>If any |
|---|---|---|---|
| **2.1** Corporate Counsel, LLC | $60,000.00 | $1,370,000.00 | $0.00 |

**2.1**  Corporate Counsel, LLC
Creditor's Name

c/o Benjamin Nelson, Esq.
45 Pier Place
Stansbury Park, UT 84074
Number, Street, City, State & Zip Code

**Describe the property that secures the claim:**

1979 W Alpine Vista Court West Jordan, UT 84088

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    Third Mortgage

Date debt was incurred _____    Last 4 digits of account number _____

**EXHIBIT 4**

| Debtor 1 | Steven Robert Wallace, II | Case number (if known) | 8:25-bk-11509-SC |
|---|---|---|---|
| | First Name          Middle Name          Last Name | | |

---

| **2.2** | Rocket Mortgage | | | $950,721.00 | $1,370,000.00 | $0.00 |
|---|---|---|---|---|---|---|

Creditor's Name

**Describe the property that secures the claim:**

1979 W Alpine Vista Court West Jordan, UT 84088

Attn: Bankruptcy
1050 Woodward Avenue
Detroit, MI 48226

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

**Nature of lien.** Check all that apply.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   First Mortgage

| Date debt was incurred | Opened 04/24  Last Active 05/25 | Last 4 digits of account number | 9947 |
|---|---|---|---|

---

| **2.3** | Rocket Mortgage | | | $222,000.00 | $1,370,000.00 | $0.00 |
|---|---|---|---|---|---|---|

Creditor's Name

**Describe the property that secures the claim:**

1979 W Alpine Vista Court West Jordan, UT 84088

Attn: Bankruptcy
1050 Woodward Avenue
Detroit, MI 48226

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

**Nature of lien.** Check all that apply.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   Second Mortgage

| Date debt was incurred | May 2, 2025 | Last 4 digits of account number | 5581 |
|---|---|---|---|

---

| **2.4** | Salt Lake County Treasurer | | | $0.00 | $1,370,000.00 | $0.00 |
|---|---|---|---|---|---|---|

Creditor's Name

**Describe the property that secures the claim:**

Current
1979 W Alpine Vista Court West Jordan, UT 84088

PO Box 26947
Salt Lake City, UT
84126-0947

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

**Nature of lien.** Check all that apply.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   Property Taxes

| Date debt was incurred | | Last 4 digits of account number | |
|---|---|---|---|

---

Official Form 106D        Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**        page 2 of 3

**EXHIBIT 4**

| Debtor 1 | Steven Robert Wallace, II | | | Case number (if known) | 8:25-bk-11509-SC |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| | |
|---|---|
| **Add the dollar value of your entries in Column A on this page. Write that number here:** | $1,232,721.00 |
| **If this is the last page of your form, add the dollar value totals from all pages. Write that number here:** | $1,232,721.00 |

**Part 2:** List Others to Be Notified for a Debt That You Already Listed

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

[ ]

Name, Number, Street, City, State & Zip Code
Black Rock Law
Corporate Counsel
5295 S Commerce Drive, Ste 205
Salt Lake City, UT 84107

On which line in Part 1 did you enter the creditor? __2.1__

Last 4 digits of account number ___

Official Form 106D      Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**      page 3 of 3

EXHIBIT 4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**3990 E. CONCOURS STREET, SUITE 350, ONTARIO, CA 91764**


A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION  FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:


**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/08/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Attorney for Debtor: M. Jonathan Hayes - jhayes@rhmfirm.com
Attorney for U.S. Trustee: Kristin T Mihelic - kristin.t.mihelic@usdoj.gov
United States Trustee (SA):  ustpregion16.sa.ecf@usdoj.gov
Parties in Interest:
Wendy A Locke - ecfcacb@aldridgepite.com, wlocke@ecf.inforuptcy.com
Hal M Mersel - mmersel@ktslaw.com, mark-mersel-2098@ecf.pacerpro.com
Randall P Mroczynski - randym@cookseylaw.com
Diana Torres-Brito - bknotice@westernlawcorp.com, bknotice@westernlawcorp.com
Sharon Z. Weiss - sharon.weiss@bclplaw.com, raul.morales@bclplaw.com, REC_KM_ECF_SMO@bclplaw.com,
  sharon-weiss-7104@ecf.pacerpro.com

☐  Service information continued on attached page


**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 01/08/2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor: Steven Robert Wallace, II, 182 Tribeca, Irvine, CA 92612
Secured Lien: Corporate Counsel, LLC, c/o Benjamin Nelson, Esq., 45 Pier Place, Stansbury Park, UT 84074

☒  Service information continued on attached page


**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 01/07/2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Judge: Hon. Scott C. Clarkson, U.S. Bankruptcy Court, 411 W. Fourth Street, Suite 5130, Santa Ana, CA 92701

☐  Service information continued on attached page


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/08/2026 | DARLENE C. VIGIL | /s/ Darlene C. Vigil |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                                                                            **F 4001-1.RFS.RP.MOTION**

**CONTINUATION PAGE - 2.  SERVED BY UNITED STATES MAIL:**

Salt Lake County Treasurer, PO Box 26947, Salt Lake City, UT 84126-0947
Black Rock Law Corporate Counsel 5295 S Commerce Drive, Ste 205 Salt Lake City, UT 84107

**Scheduled Unsecured Creditors**:

Franchise Tax Board, Attn: Managing or Servicing Agent, P.O. Box 2952, Sacramento, CA 95812-2952
Internal Revenue Service, Attn: Managing or Servicing Agent, P.O. Box 7346, Philadelphia, PA 19101-7346
Tanica Jo Wallace, 1979 W Alpine Vista Court, West Jordan, UT 84088
Utah State Tax Commission. Attn: Managing or Servicing Agent, 210 North 1950 West, Salt Lake City, UT 84134
America First Credit Union, Attn: Managing or Servicing Agent, P.O. Box 9199, Ogden, UT 84409
Apex Consumer Law Group, Allen Amarkarian, Esq., 9701 Wilshire Blvd., Ste. 1000, Beverly Hills, CA 90212
Calif. State Water Resources, Attn: Managing or Servicing Agent, 3737 Main Street, Suite 50, Riverside, CA 92501
Citibank, Attn: Managing or Servicing Agent, P.O. Box 790046, St. Louis, MO 63179
City of Calimesa, Attn: Managing or Servicing Agent, 908 Park Avenue, Calimesa, CA 92320
Coleman Frost LLP, Attn: Managing or Servicing Agent, 201 Nevada Street, El Segundo, CA 90245
Costco Citi Card, Attn: Managing or Servicing Agent, PO Box 6500, Sioux Falls, SD 57117
Country Club Village Partners 1, LP, c/o TEZ Law Firm, JJ Zhang, Esq., 4141 S. Nogales St., #C102, West Covina, CA 91792-3057
Felix T. Woo, Esq., FTW Law Group, 601 South Figueroa Street, Ste 1950, Los Angeles, CA 90017
FirstMark (CitizensOne), Attn: Managing or Servicing Agent, PO BOX 82522, Lincoln, NE 68501-2522
FUSCOE, Attn: Managing or Servicing Agent, 15535 Sand Canyon Ave, Suite 100, Irvine, CA 92618
Gensler, Attn: Managing or Servicing Agent, 500 South Figueroa St, Los Angeles, CA 90071
IHC, Attn: Managing or Servicing Agent, 36 S State Street, Salt Lake City, UT 84111
Jpmcb, Attn: Managing or Servicing Agent, Po Box 15369, Wilmington, DE 19850
Jpmcb, Attn: Managing or Servicing Agent, MailCode LA4-7100, 700 Kansas Lane, Monroe, LA 71203
Jpmcb, Attn: Managing or Servicing Agent, PO Box 15369, Wilmington, DE 19850 1203
Kent Milligan, Attn: Managing or Servicing Agent, 2225 Mt. Home Circle, Lewiston, UT 84320
Keybank NA, Attn: Managing or Servicing Agent, 360 Interlocken Blvd, Ste. 200, Broomfield, CO 80021
Kimball Anderson, Attn: Managing or Servicing Agent, 310 S. Main Street, Suite 102, Salt Lake City, UT 84101
Lenders Wholesale, Attn: Managing or Servicing Agent, 929 108th Avenue NE, Suite 1030, Bellevue, WA 98004
Michael Baker International, Attn: Managing or Servicing Agent, 500 Grant Street, Ste 5400, Pittsburgh, PA 15219
ORR Builders, Attn: Managing or Servicing Agent, 39301 Badger Street, Suite 300, Palm Desert, CA 92211
Park Brighton Resort, Attn: Managing or Servicing Agent, PO Box 7369, Breckenridge, CO 80424
ReadyCapital, Attn: Managing or Servicing Agent, 1251 Avenue of the Americas, 50th FL, New York, NY 10020
RIC (CVV), LLC, Attn: c/o Bryan Cave Leighton Paisner LLP, H. Mark Mersel, Esq., 1920 Main Street, Ste. 1000, Irvine, CA 92614-7276
South Valley ENT, Attn: Managing or Servicing Agent, 1225 East Fort Union Blvd, Ste. 120, Midvale, UT 84047
U.S. Small Business Administration, Office of General Counsel, Elan Levey, Esq., 312 N. Spring St., 5th FL, Ste 7516, Los Angeles, CA 90012
Venmo, Attn: Managing or Servicing Agent, P.O. Box 71718, Philadelphia, PA 19176